### MIDDLEKAMP et al. v. WILLIS et al.

Court of Appeals of Kentucky.

Dec. 19, 1952.

Bullitt, Dawson & Tarrant, Louisville, for appellants.

J. D. Buckman, Jr., Atty. Gen., and Squire N. Williams, Jr., Asst. Atty. Gen., for appellees.

WADDILL, Commissioner.

This consolidated appeal is from two judgments sustaining special demurrers to two petitions for review and appeal of orders entered by the appellee, E. C. Willis, as Commissioner of Industrial Relations, establishing minimum wage rates for female and minor employees of all hotels and restaurants in this Commonwealth pursuant to Chapter 337 of the Kentucky Revised Statutes.

The special demurrers were sustained on the sole ground that General Wage Stabilization Regulation No. 1 (Federal Wage Freeze Order) supersedes the provisions of Chapter 337 of the Kentucky Revised Statutes and for this reason the court had no jurisdiction of the subject matter of the action.

In 1949, pursuant to the provisions of KRS Chapter 337, a wage board was appointed for the purpose of hearing evidence and investigating and recommending the establishment of minimum fair wage rates for the hotel and restaurant industry within this state. Following a lengthy hearing upon the matter, the Wage Board recommended to the Commissioner of Industrial Relations substantial increases in the minimum wage rate established for that industry in 1943. The Commissioner of Industrial Relations accepted the report of the Wage Board and after a public hearing on the question of whether or not the

recommendations of the Wage Board should be followed, he issued an order defining the minimum fair wage rates in the hotel and restaurant industry as recommended by the Wage Board.

On September 2, 1950, appellants filed a petition for review and appeal in the Franklin Circuit Court from the order of the Commissioner. Thereafter, and on January 26, 1951, appellants filed an amended petition for review and appeal setting out Wage Stabilization Board Regulation No. 1 which was issued on January 26, 1951, and which provided in effect that all wages were frozen as of January 25, 1951, unless approval or authorization for increase was granted by the Federal Wage Stabilization Board.

Appellee filed special and general demurrers and for answer and response to appellants' petition as amended, specifically pleaded General Wage Stabilization Regulation No. 3, which was issued January 30, 1951, and which, for all practical purposes, exempted statutes and orders of authorities acting under state law fixing minimum wage rates and which specifically authorizes increases in wages which bring such wages into compliance with the Federal Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201 et seq.

On July 19, 1951, the Commissioner of Industrial Relations called a special hearing to determine whether his order fixing the new minimum wage rate should be made mandatory and at this hearing he issued an order making his directory order mandatory and effective as of August 1, 1951.

Immediately thereafter, appellants filed a new petition for review and appeal of this order. Appellee then filed special and general demurrers to this petition.

The cases were heard together by the Court.

KRS 337.310 provides that there shall be a right of review of any decision of the Commissioner by either party within twenty days after the rendition of a final order of the Commissioner by appeal "to the circuit court that would have jurisdiction to try an action for breach of contract."

 It is clear from the record that the Franklin Circuit Court had jurisdiction of this controversy.

Regulation No. 3 of the Federal Wage Stabilization Board authorizes increases in wages by an authority acting under state law fixing minimum rates. This is precisely what the order of the Commissioner of Industrial Relations proposes to do under the authority of KRS Chapter 337. Therefore, it follows that the circuit court committed error in sustaining the demurrers to the petition and in failing to hear the case upon its merits.

 Appellee's argument that the Commissioner of Industrial Relations has not entered a final order is without merit. The record reveals that on July 19, 1951, the Commissioner held a public hearing and entered a mandatory order effective August 1, 1951. We find that this order was a final one and appealable to the circuit court under KRS 337.310.

Wherefore, the judgments are reversed and set aside and the case is remanded to the circuit court, with directions to the court for it to hear and determine the case on its merits.